G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska 99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net

Attorney for Defendant

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>ANICE D. WILLIAMS,<br><br>                Defendant. | Case No. A01-126 CR (JKS/JDR)<br><br>**OBJECTIONS TO RECOMMENDATION REGARDING MOTION TO VACATE -- § 2255** |

Defendant, Anice D. Williams, by counsel G. Blair McCune, Attorney at Law, hereby files these Objections to the Magistrate Judge's *Recommendation Regarding Motion to Vacate § 2255*. Docket No. 275 (*Recommendation*).

### A. Request for Re-Sentencing Under *United States v. Booker*

In her 28 U.S.C. § 2255 Motion to Vacate, Ms. Williams argued that she was entitled to a re-sentencing under *United States v. Booker*[1] because her sentence was enhanced under the United States Sentencing Guidelines based on facts that were not found by the trial jury beyond a reasonable doubt. The *Recommendation* correctly notes that the enhancement factors include the counterfeiting devices found in her custody, possession of a firearm, that Ms. Williams role in the offense was that of a supervisor/manager, and obstruction of justice.

---

[1] 542 U.S. ___, 124 S.Ct. 2531 (2004).

*Recommendation* at 5.

Ms. Williams must acknowledge that the United States Court of Appeals, Ninth Circuit, in *United States v. Cruz*,[2] recently held that *Booker* does not apply retroactively to collateral attack cases brought under § 2255. Although Ms. Williams acknowledges this court must follow *Cruz*, she wishes to maintain her position on this important issue in case the United States Supreme Court rules otherwise.

Ms. Williams also argued, in the alternative to her retroactivity argument, that *Booker* and *Blakely v. Washington*[3] did not announce new rules of law. Ms. Williams must acknowledge that this issue was decided against her by the Ninth Circuit in *Schardt v. Payne*[4] and that this court must follow *Schardt*. Nevertheless, Ms. Williams wishes to preserve this alternative argument in case the United States Supreme Court finds that *Booker* and *Blakely* merely followed *Apprendi v. New Jersey*[5] and did not announce new rules of law. She relies on the arguments made by the petitioner in *Schardt* on this point.[6]

### B. Ineffective Assistance of Counsel Claims

#### 1. Counsel's Advice Regarding Whether to Testify

Ms. Williams contends that her trial attorney failed to advise her of the possibility of an obstruction of justice enhancement when he advised her to testify at trial. The magistrate judge recommended dismissal of this claim. *Recommendation* at 9-11.

---

[2] ___ F.3d ___, 2005 WL 2243113 (9th Cir. September 16, 2005).

[3] 542 U.S. 296, 124 S.Ct. 2531 (2004).

[4] 414 F.3d 1025, 1034-35 (9th Cir. 2005).

[5] 530 U.S. 466, 120 S.Ct. 23 for a (2000).

[6] *Schardt*, 414 F.3d at 1034-35.

G. Blair McCune
Attorney at Law
425 G. St., Suite 620
Anchorage, AK 99501-2137
Tel. (907) 644-8568, Fax (907) 644-9008
Email: mccune@gci.net

2

Ms. Williams claimed that a trial attorney under the circumstances presented in the present case had an "active duty" to advise a client about the possibility of an obstruction of justice enhancement if the court found that the client perjured herself in her trial testimony. *Recommendation* and 10. In the present case, Ms. Williams' trial attorney recognized that the Government had a very strong case. In fact, the trial attorney recommended that Ms. Williams change her plea to guilty. Under these facts the trial attorney had to be aware that Ms. Williams was likely to be found guilty, and, if she testified, it was likely the court would find she obstructed justice.[7] Under these circumstances, Ms. Williams continues to maintain that her trial attorney did have an active duty to advise her on the distinct possibility of an obstruction of justice enhancement if she testified.

Ms. Williams must acknowledge that the Ninth Circuit in *United States v. Day*,[8] decided a similar case. Ms. Williams continues to maintain that *Day* is distinguishable. In *Day*, the trial attorney did give advice about the up-side risks and the down-side risks of going to trial. In the present case, the trial attorney gave no such advice. Another distinguishing factor that is very important in the present case was the trial attorney's awareness of Ms. Williams' mental health problems.

Ms. Williams respectfully requests that this court find that she was provided ineffective assistance of counsel by her trial attorney.

### C. An Evidentiary Hearing Should Have Been Held

Ms. Williams also requested an evidentiary hearing. Ms. Williams continues

---

[7] Ms. Williams would point out that she filed a Notice of Filing Trial Attorney's Affidavit on October 20, 2005 with a signed copy of an affidavit from the trial attorney in addition to making an offer of proof. *See Recommendation* at 9.

G. Blair McCune
Attorney at Law
425 G. St., Suite 620
Anchorage, AK 99501-2137
Tel. (907) 644-8568, Fax (907) 644-9008
Email: mccune@gci.net

to maintain that there was a basis for such a hearing. *United States v. Doganiere.*[9] If this court determines the Ms. Williams' trial attorney had an active duty to advise her concerning obstruction of justice, an evidentiary hearing must be held.

DATED at Anchorage, Alaska December 20, 2005.

RESPECTFULLY SUBMITTED,

*[signature]*
G. BLAIR McCUNE
Attorney for Defendant

Certification

I certify that on December 20, 2005,
I delivered a copy of the
**OBJECTIONS TO RECOMMENDATION REGARDING MOTION TO VACATE -- § 2255** to:

Mr. Joseph W. Bottini
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567

*[signature]*
G. Blair McCune

G. Blair McCune
Attorney at Law
425 G. St., Suite 620
Anchorage, AK 99501-2137
Tel. (907) 644-8568, Fax (907) 644-9008
Email: mccune@gci.net

---

[8] 285 F.3d 1167 (9th Cir. 2002).

[9] 914 F.3d 165 (9th Cir. 1995).

4